FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

08 AUG 27 PM 4:18

CLERK U...
MIDDLE DISTRICT COURT
TAMPA, FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CASE NO. 8:08-cr-00356-T-23EAJ |
| | 26 U.S.C. § 7206(1) |
| LEO J. CORRIGAN IV | 26 U.S.C. § 7203 |

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

#### A. Introduction

At times material to this Indictment:

1.  Beginning in or about January 2001, and continuing through December 2004, LEO J. CORRIGAN IV and another individual equally co-owned and operated several businesses including: (a) FOOTBALL FANTASIES, (b) FOOTBALL FANTASIES d/b/a ADVANTAGE PLAN SERVICES, (c) PREFERRED CUSTOMER SERVICE, (d) SOUTH BEACH BISTRO, (e) CUSTOMER CARE PLUS, (f) CUSTOMER SERVICE PLUS, (g) CONSUMER GRANTS USA, and (h) PREFERRED LONG DISTANCE.

2.  By virtue of their business operations, these businesses co-owned by LEO J. CORRIGAN IV generated income. LEO J. CORRIGAN IV and the other co-owner elected to organize these businesses under the Internal Revenue Code as Subchapter S corporations. A subchapter S corporation was required to file a U.S. Income Tax Return for an S Corporation, Form 1120S and attached Schedule K-1.

Under the Internal Revenue Code, the taxable income of an S corporation was for the most part calculated in the same manner as in the case of an individual taxpayer. Rather than pay taxes on its computed income, the subchapter S corporation passed its taxable income through to its shareholders on a pro rata basis. The S corporation informed the shareholder of the amount of income for which the shareholder was obligated to report on the shareholder's income tax return by providing the shareholder with a copy of Schedule K-1. In determining tax liability, a shareholder reported his pro rata share of the subchapter S corporation's income on his personal tax return. LEO J. CORRIGAN IV was required to report on his individual income tax return fifty (50) percent of the income generated by the various subchapter S corporations of which he was a co-owner.

3. LEO J. CORRIGAN IV made and subscribed a U.S. Income Tax Return for an S Corporation for the following companies for the following years: FOOTBALL FANTASIES (2001), PREFERRED CUSTOMER SERVICE (2001, 2002 and 2003), and CUSTOMER CARE PLUS (2003). No such tax returns were filed for FOOTBALL FANTASIES d/b/a ADVANTAGE PLAN SERVICES (2001), CUSTOMER SERVICE PLUS (2003), CUSTOMER CARE PLUS (2004), CONSUMER GRANTS USA (2004) or PREFERRED LONG DISTANCE (2004).

4. LEO J. CORRIGAN IV filed an individual income tax return, Form 1040 and attached schedules, for the calendar years 2001 through 2004, but in 2001 and 2004 did not claim all the income received from the business he co-owned and operated. LEO J. CORRIGAN IV failed to pay the income tax due and owing for the calendar years 2001 through 2004.

## B. <u>The Violation</u>

5.     On or about July 2, 2004, in Pinellas County, in the Middle District of Florida,

### LEO J. CORRIGAN IV,

defendant herein, did willfully make and subscribe a 2001 United States Individual Income Tax Return, Form 1040 and attached schedules (hereinafter "2001 Form 1040"), which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said 2001 Form 1040 he did not believe to be true and correct as to every material matter, in that the defendant claimed on 2001 Form 1040 that his total income in 2001 was $21,640, whereas in truth and fact as he then and there well knew and believed, said statement regarding his total income was false;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT TWO

1. The grand jury re-alleges and incorporates by reference Part A of Count One of this Indictment as though fully set forth herein.

2. During the calendar year 2002, LEO J. CORRIGAN IV, who was a resident of St. Petersburg, in the Middle District of Florida, had and received taxable income of $252,436, on which taxable income there was owing to the United States of America an income tax of $72,628.

3. LEO J. CORRIGAN IV was required by law on or before April 15, 2003, to pay said income tax to an administrative supervisor of an area, zone or local office of the Internal Revenue Service, in the Middle District of Florida, or to the Internal Revenue Service at Atlanta, Georgia, or other proper officer of the United States.

4. Beginning on or about April 15, 2003, and continuing to on or about the filing of this Indictment, in the Middle District of Florida,

LEO J. CORRIGAN IV,

defendant herein, well knowing and believing all of the foregoing, did willfully fail to pay the said income tax due to said administrative supervisor of the Internal Revenue Service, to the Internal Revenue Service at Atlanta, Georgia, or to any other proper officer of the United States;

In violation of Title 26, United States Code, Section 7203.

## **COUNT THREE**

1.  The grand jury re-alleges and incorporates by reference Part A of Count One of this Indictment as though fully set forth herein.

2.  During the calendar year 2003, LEO J. CORRIGAN IV, who was a resident of St. Petersburg, in the Middle District of Florida, had and received taxable income of $86,348, on which taxable income there was owing to the United States of America an income tax of $17,276.

3.  LEO J. CORRIGAN IV was required by law on or before April 15, 2004, to pay said income tax to an administrative supervisor of an area, zone or local office of the Internal Revenue Service, in the Middle District of Florida, or to the Internal Revenue Service at Atlanta, Georgia, or other proper officer of the United States.

4.  Beginning on or about April 15, 2004, and continuing to on or about the filing of this Indictment, in the Middle District of Florida,

LEO J. CORRIGAN IV,

defendant herein, well knowing and believing all of the foregoing, did willfully fail to pay the said income tax due to said administrative supervisor of the Internal Revenue Service, to the Internal Revenue Service at Atlanta, Georgia, or to any other proper officer of the United States;

In violation of Title 26, United States Code, Section 7203.

## COUNT FOUR

1. The grand jury re-alleges and incorporates by reference Part A of Count One of this Indictment as though fully set forth herein.

2. On or about June 21, 2006, in Pinellas County, in the Middle District of Florida,

LEO J. CORRIGAN IV,

defendant herein, did willfully make and subscribe a 2004 United States Individual Income Tax Return, Form 1040 and attached schedules (hereinafter "2004 Form 1040"), which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said 2004 Form 1040 he did not believe to be true and correct as to every material matter, in that the defendant claimed on 2004 Form 1040 that his total income in 2004 was $95,060, whereas in truth and fact as he then and there well knew and believed, said statement regarding his total income was false;

In violation of Title 26, United States Code, Section 7206(1).

A TRUE BILL,

_____
Foreperson

ROBERT E. O'NEILL
United States Attorney

By: _____
TERRY A. ZITEK
Assistant United States Attorney

By: _____
ROBERT T. MONK
Assistant United States Attorney
Deputy Chief, General Crimes Section

FORM OBD-34
APR 1991

No. _____

# UNITED STATES DISTRICT COURT

Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

LEO J. CORRIGAN IV

## INDICTMENT

Violations:

26 U.S.C. § 7206(1)
26 U.S.C. § 7203

A true bill,

*Patricia Banfield*
Foreperson

Filed in open court this 27th day

of August, A.D. 2008.

_____
Clerk

Bail $ _____

FILED 08 AUG 27 PM 4:__
CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

GPO 863 525

N:\_Criminal Cases\C\CORRIGAN, LEO_2008R01993_TAZ\f_indictment_back.wpd